LESH & MATTHEWS LUMBER CO., PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 11784.   Promulgated July 31, 1929.

*John T. Richards, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

### OPINION.

SIEFKIN: While it does not appear clearly from the pleadings or the evidence whether the petitioner is claiming the deduction in question as a loss or as a bad debt, it is our opinion that it can not succeed under either possibility. If the deduction be claimed as a bad debt, proof is lacking as to the amount being charged off in 1920, and that requirement of the statute not being met, the petitioner's case must fail. It is also clear that the amount contributed in 1912 could not be the subject of a bad debt deduction, since no relation of debtor and creditor arose from that transaction, and hence there was no debt. We regard the amount so contributed as money invested to protect the claim for damages in which the petitioner had an interest. That being so, let us examine the facts as they existed in 1920, to determine if the petitioner sustained a loss in that year. During that year the petitioner learned that its claim against the city was unfounded and could not succeed and its lawyers abandoned the litigation. The trustee for the creditors, however, continued to hold the real estate, out of which the litigation grew, and as to which the creditors had contributed over $12,000 to redeem the property from mortgage foreclosure sale. We are unable to say that the entire amount that the petitioner had spent was a loss in 1920. At some later date it sold its interest for $100, but we are not advised the year. We must approve the respondent's determination that the deduction was not proper in 1920.

*Judgment will be entered for the respondent.*